LIBERTY BAKING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6781.    Promulgated May 10, 1927.

1. The usefulness of wrapping paper was changed by reason of a change in the size of petitioner's loaves so that two wrappers were needed for a loaf instead of one. *Held,* no deductible loss or reduction of inventory.

2. Loss through demolition of buildings *held* not determinable from the evidence.

*Arthur J. Farber, C. P. A.,* for the petitioner.
*Thomas M. Wilkins, Esq.,* for the respondent.

Deficiency of $10,339, excess profits tax for the calendar year 1918. The Commissioner refused to allow an alleged loss in value of bread wrappers and a deduction of the alleged value of buildings demolished during the year.

FINDINGS OF FACT.

The petitioner is a Pennsylvania corporation conducting a baking business in Pittsburgh.

During the war the petitioner manufactured loaves of bread from substitute materials in accordance with a so-called "substitute order"

of the United States Food Administration. The loaves so manufactured were smaller than the loaves previously made by petitioner and required smaller wrappers. The name "Victory" was adopted for this bread, and a large supply of small wrappers with this name appearing thereon was purchased at a cost of 20.7 cents a pound.

In November, 1918, the United States Food Administration, without prior notice, rescinded its "substitute order." The petitioner, in common with other bakers, started the manufacture of a full wheat bread. The loaves of this bread were larger than the loaves of "Victory" bread, and the wrappers used for that bread were not large enough to cover the full wheat loaf. Petitioner immediately placed orders for larger wrappers, but they were not delivered until February or March of the following year. Until the larger wrappers were secured it was necessary to use two of the old wrappers to cover each loaf of the full wheat bread.

The following is a portion of the minutes of the meeting of the board of directors held December 16, 1918:

Our inventory at close of business December 28, 1918, showed $11,370.90 invested in Victory Bread Wrappers. Owing to the discontinuance of the substitute order for wheat flour, the full wheat loaf gives us a greater volume of larger loaf, compelling us to use two wrappers instead of one for each loaf. This being the case and in order to attempt to use up the stock, it was suggested that one-half (½) the amount be charged to Profit and Loss. On motion duly put and carried, fifty per cent (50%) of the amount, ($5,685.45) was ordered charged off our books to take care of this item.

The small wrappers could have been replaced on December 31, 1918, for substantially the same price paid by petitioner, 20.7 cents.

In November, 1916, the petitioner purchased at a cost of $28,200 real property adjoining its own. On this land there were two frame buildings and one brick building. The age of these buildings is not known. The purchase was made because petitioner needed more room for storage of automobiles and for manufacturing facilities, and the property was adaptable for the petitioner's uses and was acquired for those uses.

The following are extracts from the minutes of the meeting of the board of directors on November 6, 1916, and of the stockholders on November 15, 1916:

The secretary reported the possibility of purchasing 45 feet, more or less, of the Smith property adjoining our plant on Houston Street, together with the buildings erected thereon, for the sum of $24,000.00 cash and our equity in the property of the company on Carron Street. After much discussion the following resolution was offered by the secretary, duly seconded and carried:

RESOLVED that the best interests of the company will be protected by acquiring additional land on Houston Street for future extensions, Therefore, the President and Secretary are hereby authorized to enter into an agreement for the purchase of 45 feet, more or less, of the Ira D. Smith property situated

on Houston Street, 7th Ward, adjoining present plant of the company, for the sum of $24,000.00 cash, together with the equity of the company of $4,200.00 in the property situated on Carron Street, 7th Ward, City of Pittsburgh, and to execute and deliver deed of the company for said Carron Street property.

\*        \*        \*        \*        \*        \*        \*

RESOLUTION :—Whereas, on account of the rapid increase of the business of the "Liberty Baking Company" it has been deemed advisable to arrange for funds to be used in the purchase of additional ground on Houston Street. Therefore:

RESOLVED that the board of directors of this company be and the same are hereby authorized to raise such sums, not exceeding $24,000.00, as may be required for said purchase, and to execute and to deliver to the City Deposit Bank of Pittsburgh said notes of this company secured by collateral Bond and Mortgage on the property purchased, and also any agreements that may be required by said bank and on such terms as the board of directors of this company may deem requisite for the best interest thereof. [Minutes of directors' meeting of November 6, 1916.]

---

WHEREAS, on account of the rapid increase of the business of the "Liberty Baking Company," it has been deemed advisable that the best interests of the Company will be protected by acquiring additional land on Houston Street for future extensions. Therefore,

RESOLVED, that it is the desire of the stockholders that additional land be acquired by the Company on Houston Street, Pittsburgh, for future extension, and therefore, the President and Secretary of the Company are hereby authorized to enter into an agreement to purchase forty-five (45) feet, more or less, of the Ira D. Smith property on Houston Street, Seventh Ward, Pittsburgh, adjoining the present plant of the Company, for the sum of Twenty-four Thousand ($24,000.00) Dollars, together with the equity of the Company amounting to Forty-two Hundred ($4200.00) Dollars in the property situated on Carron Street, Seventh Ward, Pittsburgh, and are further authorized, for the purpose of consummating said agreement, to pay the said sum of Twenty-four Thousand ($24,000.00) Dollars and to execute and deliver the deed of the Company for the said Carron Street property.

RESOLUTION :—Whereas, on account of the rapid increase of the business of the "Liberty Baking Company" it has been deemed advisable to arrange for funds to be used in the purchase of additional ground on Houston Street. Therefore:

RESOLVED that the Board of Directors of this Company be and the same are hereby authorized to raise such sums, not exceeding Twenty-four Thousand ($24,000.00) Dollars, as may be required for said purchase, and to execute and deliver to the City Deposit Bank of Pittsburgh said notes of this Company secured by collateral Bond and Mortgage on the property purchased, and also any agreements that may be required by said bank and on such terms as the Board of Directors of this Company may deem requisite for the best interest thereof. [Minutes of stockholders' meeting of November 15, 1916.]

In 1918, due to increased business, the petitioner contemplated the erection of more buildings, architects were employed and plans prepared. The frame buildings on the property acquired in November, 1916, were destroyed, but the brick building was only partly demolished, the third floor thereof housing facilities which were an

integral part of petitioner's manufacturing processes. The lower floors of this building, used for storage purposes, were vacated. The petitioner's plans were discontinued, however, at the request of the War Industries Board.

The following are extracts from the minutes of meetings of the board of directors on June 26, September 10, and December 16, 1918, which relate to these matters:

The Secretary presented an agreement for the purchase of twenty-five feet additional frontage on Houston Street, running back to the railroad, from Ira D. Smith for the sum of eleven thousand eight hundred dollars ($11,800.00) cash, the same to be closed on or about August 1st.

After considerable discussion and on motion duly put and carried, the President and Secretary were hereby authorized to sign said agreement and take title to the property in the name of the Company to be used for future extensions. [Minutes of June 26, 1918.]

------------

After considerable discussion relative to our building programme, it was deemed for the best interests of the Company that we acquire fifty feet additional land on Houston Street, adjoining three-story brick recently acquired from Smith, to house separate boiler room and to increase car track facilities. On motion of J. B. Stevenson, seconded by John Bour, authority was granted to enter into an agreement with the owner, Mr. James A. Johnson, for the purchase of the property upon the best terms procurable. [Minutes of September 10, 1918.]

------------

The Secretary reports our inability to proceed with our proposed extensions on account of refusal of permit from the War Industries Board, Washington, D. C., copy of which letter was read and ordered spread on the minutes. The letter follows:

WAR INDUSTRIES BOARD
Washington

B. M. Baruch                                               In your reply
Chairman                                                   refer to *DRM*
                                                    November 5th, 1918.

From: Non-War Construction Section, Priorities Division.
To: Liberty Baking Company, Pittsburgh, Pa.

SUBJECT: Proposed extension to your Baking Plant.

Reference your letter September 25th, addressed to Chairman Council of National Defense for Alle'y Co., Old City Hall, Pittsburgh, Pa.

1. The War Industries Board has given careful consideration to this application and cannot look with favor upon it at this time. We are advised that there are ample baking facilities in Pittsburgh and vicinity at the present time; therefore, owing to the great need of the war program for all available labor and material, we do not believe that any of either ought to be taken for work that can be postponed. We realize that perhaps this may mean some inconvenience to you, but we ask you to cheerfully undergo such inconvenience in order to help the National program and we confidently expect you to do so.

2. We are sending copy of this letter to the State Council of Defense, Philadelphia, Pa., for their information.

2–r (Signed) D. R. McLennan,

*Chief Non-War Construction Section.*

On the strength of this letter the Secretary reports having settled the lease for temporary quarters we had provided with the West Penn Motor Sales Company for the sum of one hundred fifty dollars ($150.00) ; and also reports having applied for and being granted permit to move one of the frame buildings and to erect temporary sheds for housing during the winter.

Bill of C. D. Cooley, architect, was presented amounting to forty-six hundred dollars ($4,600.00), based on four per cent (4%) of an estimated cost of one hundred fifteen thousand dollars ($115,000.00).

The Board finding ourselves unable to proceed with the building and also we now find, due to the Government rescinding the substitute and other bakery regulation orders, that the business has declined and that there is now no imperative reason for our proceeding with the extensions until such time as the demands may compel us to do so. Having anticipated the possibility of the war lasting three to five years and the continuance of the demand for bread, which latter, for several months past, has been sufficient to double our output, the proposed extensions were an attempt to cope with the difficulties.

After considerable discussion and for the reasons above stated, the Chairman suggested that a motion to dispose of the question would be in order. On motion of J. B. Stevenson, seconded by John Bour, duly put and carried, authority was granted to pay for the plans of C. D. Cooley amounting to forty-six hundred dollars ($4,600.00), the same to be considered a loss and the amount to be charged off.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

The Secretary presented an agreement from the Truscon Steel Company in which they offered to cancel our contract placed last August for steel for our proposed new building for the sum of fourteen hundred sixty dollars ($1,460.00) on the following conditions:

Should we desire to proceed with our building during 1919 and in the event of our contracting prior to September 1st and they being the successful bidders, that this amount will be applied against the contract. They claim that engineering on the job put them to this expense.

On motion of J. B. Stevenson, seconded by L. P. Schmitt, the Secretary was authorized to accept the proposal and close the matter accordingly, charging the items to Profit and Loss. [Minutes of December 16, 1918.]

OPINION.

Sternhagen : The petitioner contends that its net income has been overstated by respondent through the disallowance of two items—the alleged loss in respect of wrapping paper, and the alleged loss of buildings demolished.

The issue as to the wrapping paper is not clearly framed. It is referred to as a " loss," although not under section 234, but as a closing inventory of supplies. The fact relied upon by petitioner is that the so-called Victory Wrappers were too small for its postwar loaves and could only be used by applying two wrappers to each loaf

This is said to have reduced the usefulness of the wrappers by one-half, and hence it is contended that one-half of the cost should be written down out of income. Market value was no less than cost; only the usefulness was changed. In our opinion there was neither loss nor reduced inventory, and the respondent is sustained.

The second issue lacks evidence upon which the alleged loss can be found. However convincing may be the evidence that the buildings were bought for their own sake and not as an incidental burden upon the land, so that their demolition may have caused a loss, it is not possible from the evidence to determine the loss. The cost of the buildings as distinguished from the land or as proportioned to the whole, the extent of intervening exhaustion applicable or applied to such cost, and the extent of demolition in proportion to the cost, are not proved. The respondent is on this issue sustained.

> *Judgment will be entered on 15 days' notice, under Rule 50.*